DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ALPINE ATLANTIC ASSET**
**MANAGEMENT AG,**

               **Plaintiff,**

                                                       **CIVIL ACTION**

**v.**

                                                      **No. 07-2595-JWL-DJW**

**ANDREW COMSTOCK,**

               **Defendant.**

## MEMORANDUM AND ORDER

A telephone hearing was held on February 28, 2008 regarding Defendant's Motion to Stay (doc. 13) and Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (doc. 18). Plaintiff appeared through counsel David H. Ganz, David M. Kight, Kurt Robert Hilbert, and Lewis M. Galloway. Defendant appeared through counsel James H. Ensz and Samuel G. MacRoberts. This Order will memorialize the Court's oral rulings.

**I.    Motion to Stay**

Defendant seeks to stay this case pending a ruling on Defendant's Motion to Dismiss for Lack of Jurisdiction, Improper Venue and Failure to State a Claim filed January 31, 2008 (doc. 10). The power to stay proceedings is incidental to the court's inherent power to control the disposition of the cases on its docket.[1] The court may exercise its power to stay to provide economy of time and

---

[1] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02-2448-KHV, 2002 WL 31898217, at *1-2 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

effort for the court itself and for counsel and litigants appearing before the court.[2] The decision whether to grant a stay is within the district court's discretion; however, the Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances."[3]

In light of these rules, this Court has adopted a "general policy" of not staying pretrial proceedings even though a dispositive motion is pending.[4] Exceptions to this general policy may, however, be made when the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of a broad complaint would be wasteful and burdensome.[5] Another major exception to this policy is made when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[6]

Applying these standards, the Court concludes that a stay is not warranted in this case. Plaintiff has failed to make a showing of necessity for the stay and has failed to establish hardship or inequity if it is required to go forward with this case in its present posture. Furthermore, the

---

[2] *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)

[4] *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan.1990)).

[6] *See, e.g.*, *Siegert v. Gilley,* 500 U.S. 226, 232 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).

Court does not find that any of the exceptions to the Court's general policy apply so as to justify a stay.  Accordingly, the Court denies Defendant's Motion for Stay.

## II.     Motion for Leave to Conduct Limited Expedited Discovery

Plaintiff requests that it be allowed to serve limited discovery prior to the parties' Rule 26(f) planning conference.  Plaintiff seeks leave to serve ten interrogatories and ten requests for admission that are "narrowly tailored to the issues of . . . venue."[7]  Plaintiff requests that Defendant be required to respond to the interrogatories and requests for admission within ten days of their service.

Rule 26(d) of the Federal Rules of Civil Procedure generally provides that formal discovery may not commence until after the parties have conferred as required by Rule 26(f).  The court may, however, in the exercise of its broad discretion, alter the timing, sequence and volume of discovery.[8]  A party that seeks expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures.[9]

The Court finds that Plaintiff has established good cause to warrant the service of limited discovery requests regarding the issue of venue.  Defendant has failed to show that any such

---

[7]Pl.'s Mot. for Leave to Conduct Limited Expedited Disc. (doc. 18) at p. 1.

[8]*Qwest Comm'cs Int'l, Inc. v. WorldQuest,* 213 F.R.D. 418, 418 (D. Colo. 2003) (citing Fed. R. Civ. P. 26(b)(2) and 26(d)).

[9]*Qwest,* 213 F.R.D. at 418; *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne, Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001).

discovery would be burdensome or that he would be prejudiced by having to respond to the discovery prior to the parties holding their Rule 26(f) planning conference.

Accordingly, the Court grants Plaintiff's motion for expedited discovery. Within ten days of the date of the February 28, 2008 telephone hearing and oral ruling, Plaintiff shall serve no more than ten interrogatories and ten requests for admission limited to the issue of venue. Defendant shall have ten days thereafter to respond to the discovery requests. Any motion to compel relating to Defendant's responses shall be filed within ten days of Defendant's service of his responses.[10]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay (doc. 13) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (doc. 18) is granted., and the parties shall comply with the expedited discovery schedule set forth herein.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 3rd day of March 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties

---

[10]The parties are reminded that the duty to confer contained in Federal Rule of Civil Procedure 37 and D. Kan. Rule 37.2 would apply to any such motion to compel.