**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ALPINE ATLANTIC ASSET MANAGEMENT AG, a foreign business, ) ) ) Plaintiff, ) ) vs. ) ) ANDREW COMSTOCK, ) ) Defendant. ) | Case No. 07-CV-2595-JWL/DJW |

**AGREED PROTECTIVE ORDER**

Plaintiff Alpine Atlantic Asset Management AG ("Plaintiff") and Defendant Andrew Comstock ("Defendant"), by their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises and for good cause shown, it is hereby

ORDERED:

1. **Purpose of Order.** The purpose of this Order is to facilitate the exchange of information between the parties and to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those solely involved in the prosecution or defense of this litigation. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment, and to comport with applicable foreign law.

Good cause exists for the issuance of a protective order in this case under the Federal Rules of Civil Procedure 26(c), including the fact that Plaintiff and Defendant are engaged in the business of international asset management on behalf of individuals and entities around the world. Discovery in this case will likely include the exchange of highly confidential financial and other information concerning the parties' clients, business operations, and personnel. If this confidential information were known in, or disclosed to, the general community, such knowledge, disclosure, or use would

undoubtedly harm those outside the litigation and perhaps also harm the parties to this litigation.

2. **Confidential Information.**  The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as strictly confidential ("Confidential Information").  For the purposes of this Order only and not for the purpose of the allegations made in Plaintiff's Complaint, the parties have further agreed that Confidential Information shall include all non-public business, operational, trade secret, banking, and proprietary financial information of Plaintiff or Defendant or any such similar information of the clients or customers of either.

3. **Designating documents and interrogatory answers as confidential**.  Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential," as long as the party has a good faith basis for so doing and the information falls within the categories listed in Paragraph 2.  Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order.  The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  The parties hereby agree that the Court may issue an Order sua sponte to require production of Confidential Information as is appropriate and necessary if a party believes that voluntary disclosure would be a violation of applicable foreign law.

Parties to this action may also designate deposition testimony relating to any and all Confidential Information as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes warrant the protection afforded by this Order.  Alternatively, any party may, on the record

at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order. Upon that instance, any person not listed in paragraph 4, below, shall be excluded from the deposition room until all questioning about the Confidential Information has been completed.

    4.  **Disclosure of Confidential Information.**  Any information or documents which are marked as Confidential pursuant to Paragraphs 2 and 3 are to be treated as such by the party receiving the discovery and Confidential Information shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

    (a)  The parties in the present matter;

    (b)  Their counsel, counsel's legal and clerical assistants and staff;

    (c)  Persons with prior knowledge of the documents or the Confidential Information contained therein or persons identified in the either party's Rule 26(a) disclosures;

    (d)  Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court or by agreement of the parties;

    (e)  Any independent document reproduction services or document or video recording and retrieval services; and

    (f)  Any expert witness or outside consultant retained or consulted by either of the parties.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to paragraph 4 of the existence of this Order. No person to whom Confidential Information is disclosed shall disclose such Confidential Information to any person to whom disclosure is not authorized by the terms hereof, or make any other disclosure of such confidential information for any purpose

whatsoever, commercial or otherwise.

     5.    **Disputes Concerning Designation(s) of Confidential Information.**  In the event that at any time any party to this action disagrees at any stage of the proceedings with the designation of information as Confidential, the receiving party shall first inform the producing party of its objection in writing to counsel.  A written objection shall identify the information or documents challenged and shall inform all parties of the grounds for challenging the information.  Upon receipt of a written objection, all parties shall confer in good faith at the earliest possible time to resolve the matter on an informal basis.

If the dispute cannot be resolved informally, the party requesting confidentiality of the information may apply for appropriate relief from this Court as follows.  Within 14 days from the parties' informal conference referenced above, the party requesting confidentiality shall file a motion with this Court requesting relief.  The party requesting the confidentiality designation shall have the burden of proof to demonstrate that the documents or information warrant the protection afforded by this Order, and that the information must be treated as confidential.

     6.    **Attorney-Client Privileged Information; Clawback Agreement.**  Inadvertent disclosure of information or any documents (including electronic data) that contain information protected by the attorney-client privilege and/or the work product doctrine shall not waive any attorney-client privilege or work product privilege applicable to that information, document, or subject matter.  As soon as practicable, the producing party shall inform the receiving party, in writing that the information or document is subject to a legitimate claim of privilege and the return of the information or document is promptly requested.  As soon as practicable upon determining that privileged or work product information or documents have been produced, the receiving party shall inform the producing party in writing of its receipt of privileged or work product information.

     (a)    Upon receiving written notice of the producing party's claim of privilege, or
(b) when the receiving party receives information produced by the other party which the

receiving party recognizes as containing privileged or work product information, the receiving party shall treat the information as privileged and either: (1) promptly return the information or document to the producing party, (2) destroy all copies the information or document, or (3) if the receiving party has a good faith basis to believe the information is not privileged, may challenge the producing party's claim under the procedure outlined in Paragraph 5 of this order. Until an agreement is reached or a determination is made by this Court, such information shall be treated as privileged and may not be used or disclosed in any manner. In the event the receiving party destroys the information, the receiving party shall so inform the producing party in writing within ten (10) days that the information has been destroyed.

To the extent there is any inconsistency in this Paragraph 6 with Federal Rule of Civil Procedure 26(b)(5)(B) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

7. **Binding Effect of This Order.** This Order is binding upon the parties, agents and employees of the parties, counsel for the parties, and agents and employees of counsel for the parties.

8. **Use of Confidential Information.** The parties and their counsel shall exercise reasonable care not to disclose information contained in confidential documents by placing them in the public record in this case. If a party wishes to use any Confidential Information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal, but only upon a separate, specific motion and later order of the Court. The parties and their counsel, however, have the right to use any such information contained in confidential documents, or the documents themselves, in depositions and the trial of this case without prior consent from the party by whom the confidential information and/or documents were produced. The parties do not waive any right to object at trial to the admissibility of any document

which falls under the scope of this Order, or portion thereof, or the right to file a motio*n in limine* regarding the use of any such documents. The parties may redact such information by agreement or Order of Court.

        9.     **Return of Confidential Information.** At the conclusion of this litigation, including all appeals, the parties' respective counsel shall, within thirty days, and upon written request by the other party, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within thirty days of the conclusion of this litigation, their right to do so is waived, and other counsel will destroy any and all such records, and all duplicates thereof, produced by another party. The parties, however, may retain any documents for purposes of preserving a file in this matter or those admitted as exhibits in this case for three (3) years after the conclusion of the case.

        **IT IS SO ORDERED**.

        Dated this 30th day of April 2008.

                                                         s/ David J. Waxse

                                                         David J. Waxse
                                                         U.S. Magistrate Judge

APPROVED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| /s/ Lewis Galloway | /s/ Sam MacRoberts |
| | |
| Lewis Galloway, Esq. | Sam MacRoberts, Esq. |
| lgalloway@spencerfane.com | smacroberts@enszjester.com |
| David Kight, Esq. | James H. Ensz, Esq. |
| dkight@spencerfane.com | jensz@enszjester.com |
| Spencer Fane Britt and Browne LLP | Brandon Mizner, Esq. |
| 1000 Walnut St, Suite 1400 | bmizner@enszjester.com |
| Kansas City, Missouri 64106 | Ensz & Jester, P.C. |
| Phone: (816) 474-8100 | 1100 Main Street, Suite 2121 |
| Fax: (816) 474-3216 | Kansas City, Missouri 64105 |
| | Phone: (816) 474-8010 |
| | Fax: (816) 471-7910 |
| Kurt Hilbert, Esq. | |
| khilbert@adorno.com | ATTORNEYS FOR DEFENDANT |
| Adorno & Yoss, LLP | |
| Two Midtown Plaza, Suite 1500 | |
| 1349 West Peachtree St, NW | |
| Atlanta, Georgia 30309 | |
| Phone: (404) 347-8335 | |
| Fax: (404) 347-8395 | |

David Ganz, Esq.
dganz@adorno.com
Adorno & Yoss, LLP
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
Phone: (973) 256-9000
Fax: (973) 256-9001

ATTORNEYS FOR PLAINTIFF